UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONETTE CABRERA,

    Plaintiff,

v.                        CASE NO: 8:08-cv-2456-T-33MAP

BAYCARE HEALTHSYSTEM, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss Counts II and III of the Amended Complaint (Doc. # 16). Plaintiff filed a Response thereto (Doc. # 19).

Plaintiff's amended complaint asserts a claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Count I), the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. (Count II), and a claim for declaratory judgment related to her claim under the FMLA (Count III). Specifically, Plaintiff alleges that she is entitled to overtime compensation under the FLSA and that she is entitled to "personal leave <u>supplemental</u> to and to be coordinated with FMLA leave affording an additional year of unpaid job protected leave on top of leave afforded pursuant to the FMLA." Doc. # 14, Exh. 1, Amended Complaint ¶ 16 (emphasis in the original).

Plaintiff began working for Defendant in May 2002. Plaintiff became seriously ill and required FMLA leave, which was granted without objection commencing in October 2007. The twelve weeks of FMLA leave ended in January 2008. Defendant terminated Plaintiff when she was unable to return to work at the end of the twelve weeks. Plaintiff alleges that she is entitled to an additional year of personal leave afforded by by a company medical leave policy supplemental to the leave provided by the FMLA.

Defendant argues that the amended complaint fails to state a claim upon which relief may be granted under the FMLA because as a matter of law the FMLA does not provide relief to an employee who has received all leave due to her under the FMLA and brings a suit aimed at receiving the benefits of an employer-provided leave that is not subject to the FMLA and to which the Plaintiff can show no entitlement. Defendant asserts that, therefore, Plaintiff has no claim under the FMLA and both her claim under the FMLA and her request for declaratory judgment related to the FMLA claim must be dismissed. This Court agrees.

Courts have uniformly held that such voluntary policies, which provide for benefits more generous than those required by statute, do not create nor can they be the basis for an

FMLA cause of action. Dolese v. Office Depot, Inc., 231 F.3d 202, 203 (5th Cir. 2000); Weidner v. Unity Health Plans Ins. Corp., 606 F. Supp. 2d 949, 955 (W.D. Wis. 2009); Mahoney v. Ernst & Young LLP, 487 F. Supp. 2d 780, 802 (S.D. Tex. 2006); Covey v. Methodist Hosp. of Dyersburg, Inc., 56 F. Supp. 2d 965, 971-72 (W.D. Tenn. 1999); Barron v. Runyon, 11 F. Supp. 2d 676, 679 (E.D. Va. 1998); Hite v. Biomet, Inc., 53 F. Supp. 2d 1013, 1018 (N.D. Ind. 1999); Rich v. Delta Air Lines, Inc., 921 F. Supp. 767, 773-74 (N.D. Ga. 1996). Plaintiff's claim for a violation of the FMLA based on Defendant's "more generous" leave policy is not a cognizable cause of action. Accordingly, the Court finds that Count II must be dismissed.

In Count III, Plaintiff seeks a declaratory judgment that "she should have been provided [an] additional year of unpaid job protected leave which leave was to be coordinated with her FMLA leave...." Doc. # 14, Exh. 1, Amended Complaint p. 5-6. As Plaintiff has no cause of action under the FMLA for the employer-provided supplemental leave, she likewise has no cause of action for a declaratory judgment as to the supplemental leave as no actual, substantial controversy exists as to the FMLA to warrant declaratory judgment. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941); see also Wendy's Int'l, Inc. v. City of Birmingham,

868 F.2d 433, 435 (11th Cir. 1989). The motion to dismiss is due to be granted as to Count III.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss Counts II and III of the Amended Complaint (Doc. # 16) is **GRANTED**.

(2) Defendant's Motion to Stay and/or for Protective Order (Doc. # 25) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of April, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record